# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Vashty West, ) | |
| ) | Case No.: 2:11-cr-472-PMD-19 |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Vashty West moves to vacate, set aside, or correct her federal prison sentence under 28 U.S.C. § 2255 (ECF No. 2167). The United States ("Government") has filed a motion to dismiss (ECF No. 2238). Having thoroughly reviewed the motions and the record in this case, the Court finds this matter suitable for disposition without a hearing. For the reasons stated herein, the Court grants the Government's motion and, consequently, dismisses West's § 2255 motion.

## BACKGROUND

In March 2013, West pled guilty to one count of conspiring to possess various controlled substances with intent to distribute them, *see* 21 U.S.C. § 846, and to one count of using a firearm to murder a person during and in relation to that conspiracy, *see* 18 U.S.C. § 924(c), (j). In July 2013, the Court sentenced West to 240 months on the drug conspiracy charge and to 292 months on the § 924 charge. Both terms were to be served concurrently. West did not appeal.

West filed her § 2255 motion in May 2016. The Government responded with a motion to dismiss. West filed a response to the Government's motion. Accordingly, this matter is now ripe for consideration.

## APPLICABLE LAW

West proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence under § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the district court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In conducting the § 2255(b) review in this case, this Court is mindful that *pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and that federal courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

In a ten-paragraph memorandum, West asserts that her § 924 conviction is unconstitutional after *Johnson v. United States*, 135 S. Ct. 2551 (2015), that she did not in fact kill the victim or know in advance that her co-defendants planned to murder him, and that her counsel provided ineffective assistance. The Government contends West's *Johnson* claim lacks merit and her remaining claims are untimely. For the following reasons, the Court agrees with the Government.

## I.    Timeliness of Claims

Section 2255 sets a one-year limitation period for bringing claims. That period runs from the latest of—

(1)    the date on which the judgment of conviction becomes final;
(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Timeliness under § 2255(f) is assessed on a claim-by-claim basis. *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) (per curiam); *Hannigan v. United States*, 131 F. Supp. 3d 480, 487 (E.D.N.C. 2015), *appeal dismissed*, No. 15-4370, 2016 WL 946681 (4th Cir. Mar. 14, 2016) (per curiam). The prisoner has the burden of showing her claims are timely under at least one of the categories. *See Ramos–Martinez v. United States*, 638 F.3d 315, 325 (1st Cir. 2011) ("A habeas petitioner has the burden of adducing facts sufficient to show . . . that his petition should be treated as timely . . . .").

West argues her claims are timely under § 2255(f)(3) because she filed her § 2255 motion less than a year after the Supreme Court issued *Johnson*, which the Supreme Court later declared retroactively applicable to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). *Johnson* dealt with a provision of the Armed Career Criminal Act ("ACCA") that provides enhanced sentences for defendants with three or more prior convictions for "violent felon[ies] or serious drug offense[s]." 18 U.S.C. § 924(e)(1). The Supreme Court in *Johnson* held that part of the ACCA's definition of "violent felony" is void for vagueness. 135 S. Ct. at 2563. Because West argues that *Johnson*'s holding extends to invalidate her § 924

conviction, her claim based on that argument is timely. However, her other claims are not based on *Johnson*, and she cannot use *Johnson* to revive untimely, unrelated claims. Because untimeliness is dispositive, *see Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014) (en banc), the Court denies those claims as time-barred.

## II.     Merits of Challenge to § 924 Conviction

18 U.S.C. § 924(c)(1) provides for the punishment of anyone "who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." In turn, § 924(j) provides that if the defendant murders a person with the firearm in the course of committing the § 924(c) violation, she is to "be punished by death or by imprisonment for any term of years or for life."

"Crime of violence" in § 924(c)(1) is a defined term: an offense that is a felony and—

(A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). West argues that *Johnson*'s vagueness holding invalidates § 924(c)(3)(B) that her § 846 drug conspiracy charge cannot fit within § 924(c)(3)(A). The Court need not address either part of that argument. A conviction under § 924(c) can be based on either a crime of violence *or* a drug trafficking crime, and § 924(c)(2) plainly states that § 846 drug conspiracies constitute predicate drug trafficking crimes. Because § 846 fits the definition of a drug trafficking crime, there is no need to consider whether it might also fit somewhere within the definition of a crime of violence or, for that matter, whether part of that latter definition is unconstitutional. In other words, because West's § 924 conviction rests on a drug trafficking crime, *Johnson* does not provide her any relief. Her claim therefore lacks merit.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that the Government's motion is **GRANTED** and that West's § 2255 motion is **DISMISSED** with prejudice. The Court declines to issue a certificate of appealability.[1]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 30, 2016**
**Charleston, South Carolina**

---

1. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Petitioner has not satisfied that standard. Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), § 2255 Rules.